**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RICHARD R. QUINT, | ) | CASE NO. 3:21-cv-1695 (KAD) |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| MARTIN, et al., | ) | MAY 2, 2023 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. No. 49)**

Kari A. Dooley, United States District Judge:

Plaintiff, Richard R. Quint ("Quint"), filed this complaint *pro se* under 42 U.S.C. § 1983. Following initial review of his Third Amended Complaint, the remaining claims assert deliberate indifference to medical needs against Defendants Jacksen, Parker, Stephanie, Rader, Philips, Blumberg, and Elizabeth for an alleged failure to comply with doctor's orders regarding his medication and against Defendants Tanisha and Jacksen for failure to comply with the doctor's order that Quint be provided a wheelchair.

Quint filed a motion for preliminary injunction seeking an order that his oxycodone dosage be set at 10 mg; that his medication be delivered to him each day; that he receive a Derby Pinacle Model #G603075 medical mattress; that he receive follow-up treatment from orthopedist Dr. Maletz; and that he receive physical therapy. For the following reasons, the motion is DENIED.

**Standard of Review**

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail on his claim for mandatory relief, Quint must demonstrate "that he is likely to succeed on the

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted); *see also Hester ex rel. A.H. v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (to obtain mandatory preliminary injunctive relief against a government actor, plaintiff must, *inter alia*, "make a strong showing of irreparable harm" absent injunctive relief and "demonstrate a clear or substantial likelihood of success on the merits"). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *See Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994) (other citations omitted)).

In addition, allegations of irreparable harm or claims of a likelihood of success on the merits must be substantiated with admissible evidence. *See Torrez v. Semple*, No. 3:17-cv-1223 (SRU), 2017 WL 6624009, at *1 (D. Conn. Dec. 28, 2017); *see also Cox v. Morley*, No. 9:20-CV-1235 (GLS/CFH), 2020 WL 6781522, at *10 n.13 (N.D.N.Y. Nov. 18, 2020) ("any renewed request for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent"); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere

hypotheticals.").

**Discussion**

In seeking injunctive relief, Quint alleges that he has been denied care for his serious medical needs. He alleges that "Plaintiff is threatened with irreparable harm because of the nature of his injury, a broken pelvis, and ruptured ACL in his left leg, he has already lost his ability to walk, his movement and function is limited. If he does not receive proper treatment at the proper time, he may never walk normal[l]y again or at all." Doc. No. 49-1 at 2. Quint alleges that he is denied his afternoon dose of medication because it is too painful for him to go to the medical unit to receive it. He also states that he has been instructed not to put pressure on implants in his back, but the Defendants will not give him an appropriate mattress. Quint states that his condition has worsened—he has gone from using a cane to using a wheelchair—due to the lack of physical therapy and pain care, and that his legs are lethargic and beginning to atrophy.

Although Quint submits that these allegations demonstrate a likelihood of success on the merits, he has submitted no admissible evidence to support these assertions. Quint has provided no medical orders for pain medication in the dosage strength he demands or records reflecting that he requires or should be provided a medical mattress to relieve pressure on his implants. To the contrary, the medical records submitted by the Defendants in opposition to the motion reveal no such orders. For example, Quint asserts that his prescribed dosage of oxycodone was 10mg and he alleges in the Third Amended Complaint that a state court approved this dosage. However, the medical records reveal only that Quint was prescribed multi modal pain medication including low-dose oxycodone. *See* Defs.' Mem., Ex. A, Doc. No. 70-1 at 3. In addition, the Defendants submitted court records confirming that there were no orders that "the contested medications be

provided," *id.*, Ex. B, Doc. No. 70-2, and a medical record which reveals that Dr. Rader confirmed with the Assistant Attorney General in the state court matter that there was no deal to provide an increased oxycodone dosage. *See id.,* Ex. C, Doc. No. 70-3.

Nor has Quint submitted evidence that the Defendants ignored specific orders for physical therapy or for a scheduled follow-up visit with the orthopedist. Absent any such orders, whether Quint requires these services appears to be a mere disagreement over his treatment, which will not generally support a claim for deliberate indifference to medical needs. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (summary order) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)). In addition, the medical records show that Quint was offered a wooden cane or a walker but refused both. *See* Defs.' Mem., Ex. D, Doc. No. 70-4 at 7. Thus, any issue concerning whether Quint is receiving adequate assistive devices also appears to be a disagreement over treatment.

Considering the evidence submitted by the Defendants and the utter lack of evidence provided by Quint, Quint has not demonstrated a likelihood of success on the merits of his deliberate indifference claims.

**Conclusion**

Therefore, Quint's motion for preliminary injunction (Doc. No. 49) is **DENIED**.

**SO ORDERED** this 2nd day of May 2023 at Bridgeport, Connecticut.

/s/ *Kari A. Dooley* _
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE