UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD R. QUINT, | ) | CASE NO. 3:21-cv-1695 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN ET AL., | ) | AUGUST 17, 2023 |
| *Defendants*. | ) | |

<u>**MEMORANDUM OF DECISION**
**RE: DEFENDANT OEI'S MOTION TO DISMISS [Doc No. 72]**</u>

Kari A. Dooley, United States District Judge:

Plaintiff, Richard R. Quint ("Quint"), a pretrial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983, to assert, *inter alia*, federal claims of deliberate indifference to medical needs. Following initial review of his Third Amended Complaint, the remaining claims allege deliberate indifference to medical needs for failure to comply with doctor's orders regarding medication[1] and for failure to comply with the doctor's order that Quint be provided a wheelchair.[2] As Quint seeks damages and injunctive relief, the claims proceeded against all defendants in their individual and official capacities.

Defendant Elizabeth Oei has filed a motion to dismiss all claims against her on the grounds that the Court lacks subject matter by reason of sovereign immunity, and that Quint fails to state a cognizable claim against her. Plaintiff has not opposed the motion. For the following reasons, the motion to dismiss is DENIED.

---

[1] This claim is against Defendants Nurse Jacksen, Nurse Parker, Nurse Stephanie, Dr. Rader, Medical Supervisor Philips, Dr. Blumberg, and APRN Elizabeth.
[2] This claim is against Defendants Nurse Tanisha and Nurse Jacksen.

**Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is proper where "the district court lacks statutory or constitutional power to adjudicate" the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The court may consider evidence outside the pleadings when deciding whether subject matter jurisdiction exists. *See Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *See id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *See id.* "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). However, when reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *See Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

**Facts**

The following facts are relevant to the claim against Defendant Oei. On January 7, 2022, Quint saw Dr. Maletz, an orthopedist. *See* Doc. No. 39, Third Amended Complaint, ¶ 8. On February 10, 2022, Quint was transferred to Bridgeport Correctional Center. *See id.* ¶ 9. That month, Dr. Blumberg and APRN Oei discontinued Quint's pain medication that he needed to be able to move. *See id.* ¶ 11. When Quint again saw Dr. Maletz in April 2022, Dr. Maletz reinstated the pain medication. *See id.* ¶ 15.

**Discussion**

*Subject Matter Jurisdiction and Eleventh Amendment Immunity*

Defendant Oei argues that the Eleventh Amendment affords her immunity from suit for damages and injunctive relief. She is mistaken. Under the Eleventh Amendment, she is immune from suits for money damages in her official capacity, not her individual capacity. The Court recognized that, dismissing the claims for damages against all defendants in their official capacities during its initial review. *See* Doc. No. 42 at 7. Thus, to the extent that Defendant Oei seeks to dismiss any official capacity claims for damages as barred by the Eleventh Amendment, the motion is denied as MOOT.

Plaintiff may, however, obtain damages from Defendant Oei in her individual capacity if he prevails on his claim that she was deliberately indifferent to his medical needs when she discontinued a doctor's prescription. *See Taylor v. Dorantes*, Civ. No. 3:19CV01350 (JCH), 2019 WL 13293562, at *4 (D. Conn. Oct. 16, 2019) ("[S]uits for monetary awards from a state official in his individual capacity…are not deemed suits against the state and hence not barred.") (quoting

*Dwyer v. Regan*, 777 F.2d 825, 835 (2d Cir. 1985), *modified*, 793 F.2d 457 (2d Cir. 1986)).[3]

The Court notes that the injunctive relief Plaintiff seeks includes a prescription for 10mg of oxycodone three times per day. This is a dosage that he alleges was prescribed by a different doctor and that other defendants refused to honor. As Plaintiff seeks no injunctive relief relating to the prescription that Defendant Oei allegedly discontinued, and the other items sought in the request for injunctive relief relate to claims that have been dismissed, the remaining request for injunctive relief does not pertain to Defendant Oei. With no claims remaining against her in her official capacity, the case will proceed against Defendant Oei in her individual capacity only.

*Failure to State a Claim*

Defendant Oei characterizes Plaintiff's claim as a brief delay in treatment and moves to dismiss the claim. On initial review, the Court permitted this claim to proceed for further development of the record to determine whether the allegations against APRN Oei supported a claim that she refused to comply with a doctor's order that Plaintiff receive pain medication, or alternatively, whether it was merely a disagreement over treatment. The Court did not permit a claim for delay in treatment to go forward. As such, Defendant Oei's motion to dismiss any such claim is MOOT.

Defendant Oei next argues that, at most, Plaintiff's claim is for a disagreement over treatment, which does not rise to the level of deliberate indifference and is not cognizable under Section 1983. To demonstrate the required constitutional deprivation to state a claim for deliberate indifference to serious medical needs, Plaintiff, as a pretrial detainee, must show that his medical

---

[3] To support her contrary view that damages may only be sought from a governmental entity, the head of the entity in his official capacity, or a constitutional officer employing the defendant, Defendant Oei refers the court to 42 U.S.C. § 13, a provision which the Court has not located.

4

need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the detainee suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *see also Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Plaintiff alleged that he suffered severe pelvic injuries in a motor vehicle accident and his injuries continue to cause him severe pain. For purposes of initial review, the Court determined that he had plausibly alleged that he suffers from a serious medical need. *See* Doc. No. 42, Initial Review Order, at 8. Defendant Oei's argument to the contrary does not alter this previous conclusion.

Plaintiff is also required to allege facts showing that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Negligence is insufficient to satisfy this component. *See id.* at 36 (finding that detainee must show that defendant acted recklessly or intentionally, not merely negligently). Distinguishing between negligent and reckless medical care is difficult when the court considers only the allegations in the complaint. *See King v. Falco*, 16 CV 6315 (VB), 2018 WL 6510809, at *9 (S.D.N.Y. Dec. 11, 2018) (citations omitted). Courts frequently consider the "degree of risk associated with the negligent treatment" and have found reckless conduct where the plaintiff did not receive treatment for a documented injury. *See id.*

5

(citing cases). However, disagreements about what treatment is appropriate are not cognizable. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (summary order) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)); *Morales-Rojas v. Ruiz*, Case No. 3:17cv1434 (MPS), 2019 WL 1025245, at *10 (D. Conn. Mar. 4, 2019); *Small v. Clements*, No. 3:18-cv-1731 (KAD), 2018 WL 5634942, at *3–4 (D. Conn. Oct. 31, 2018).

Here, the allegation that APRN Oei intentionally failed to follow a doctor's order is sufficient to state a cognizable claim for deliberate indifference to medical needs. *See Benn v. Nassau Cnty.*, No. 10-CV-1963 (JS) (AKT), 2010 WL 2976540, at *6 (E.D.N.Y. July 22, 2010) (finding that failure to comply with a doctor's order sufficient to withstand initial review); *Woods v. Goord*, No. 01 CIV. 3255 (SAS), 2002 WL 731691, at *5 (S.D.N.Y. Apr. 23, 2002) (where an allegation that doctor ignored surgeon's order was sufficient to withstand a motion to dismiss).

Plaintiff has alleged that Defendant Oei discontinued his prescription for pain medication, and that the prescription was restored about two months later when he again saw Dr. Meletz. As the Court previously observed, whether the discontinuance of the prescription by APRN Oei is a disagreement over treatment or failure to comply with a doctor's order cannot be determined without further development of the record. While the discovery might favor one conclusion over the other, the Court cannot resolve this ambiguity on a motion to dismiss. Defendant Oei's motion to dismiss on this basis is therefore DENIED.

*Pleading Improprieties*

Defendant Oei also argues that the Third Amended Complaint fails to comply with pleading requirements set forth in the Federal Rules of Civil Procedure. She argues that the Third Amended Complaint does not include separate causes of action for each defendant. *See* Fed. R.

Civ. P. 10(b) (requiring party to state claims in separately numbered paragraphs). She also contends that Plaintiff is improperly attempting to assert all claims against all defendants.

Although Rule 10(b) contains important guidelines for the form of pleadings in federal court, "harmless violations of the Rule should be excused so that claims may be resolved on the merits." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). "And even where a violation of Rule 10(b) is not harmless, dismissal is not typically the appropriate course of action. Once a defendant has been served with a complaint that is defective in this way, it should be met with a motion for more definite statement under Rule 12(e) or a motion to strike under Rule 12(f), rather than a motion to dismiss under Rule 12(b)." *Id.* Defendant Oei states that she cannot ascertain the claim against her by reading the operative Complaint. However, the Court clearly identified the scope and nature of Plaintiff's claim against her in its Initial Review Order Re: Third Amended Complaint. *See* Doc No. 42. And Defendant Oei filed no motion seeking further clarification from Plaintiff. Thus, her motion to dismiss on this procedural ground is DENIED.

*Qualified Immunity*

Defendant Oei also contends that she is protected from suit by qualified immunity. Qualified immunity may be successfully asserted on a motion to dismiss, but the defendant "faces a formidable hurdle" at the pleading stage. *Horn v. Stephenson*, 11 F.4th 163, 169–70 (2d Cir. 2021) (quotations and citation omitted). At this stage, the court draws all reasonable inferences in favor of the plaintiff, both from the facts alleged in the complaint that would support the plaintiff's claim and those that would defeat the qualified immunity defense. *See Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015).

Here, the Court has liberally construed Plaintiff's claim against Defendant Oei as a claim

for deliberately failing to follow a doctor's orders and determined that further development of the record is required to determine the viability of that claim. If the record supports Plaintiff's claim, the law is clearly established that deliberately failing to follow a doctor's order constitutes deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference may be "manifested by…intentionally interfering with the treatment once prescribed"); *Fonck v. Riggot,* No. 3:12-cv-896 (RNC), 2012 WL 5408526, at *2 (D. Conn. Nov. 6, 2012) (finding viable claim for deliberate indifference to medical needs where defendants violated doctor's orders because "prison officials are more than merely negligent if they deliberately defy the express instructions of a prisoner's doctors") (citations omitted).

At this time, the Court cannot conclude that Defendant Oei is protected by qualified immunity. The motion to dismiss on this basis is DENIED.

**Conclusion**

Defendant Oei's motion to dismiss [**Doc. No. 72**] is **DENIED.** As detailed above, the case will proceed against Defendant Oei in her individual capacity only.

**SO ORDERED** this 17th day of August 2023 at Bridgeport, Connecticut.

        *Kari A. Dooley*
        Kari A. Dooley
        United States District Judge