UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD R. QUINT, | ) | CASE NO. 3:21-cv-1695 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN ET AL., | ) | AUGUST 17, 2023 |
| *Defendants*. | ) | |

**MEMORANDUM OF DECISION**
**RE: DEFENDANTS' PARTIAL MOTION TO DISMISS [Doc. No.75]**

Kari A. Dooley, United States District Judge:

Plaintiff, Richard R. Quint ("Quint"), a pretrial detainee filed this civil rights action pursuant to 42 U.S.C. § 1983, to assert, *inter alia*, federal claims of deliberate indifference to medical needs. Following initial review of his Third Amended Complaint, the remaining claims allege deliberate indifference to medical needs for failure to comply with doctor's orders regarding medication[1] and for failure to comply with the doctor's order that Quint be provided a wheelchair.[2] As Quint seeks damages and injunctive relief, the claims proceeded against all defendants in their individual and official capacities.

Defendants Rader, Blumberg, Philips, Tanisha, Jacksen, Parker, and Stephanie ("Defendants") have filed a partial motion to dismiss. In opposition, Plaintiff merely states that he recently filed a request for discovery directed to the claims Defendants are attempting to dismiss. For the following reasons, the motion to dismiss is GRANTED in part.

---

[1] This claim is against Defendants Nurse Jacksen, Nurse Parker, Nurse Stephanie, Dr. Rader, Medical Supervisor Philips, Dr. Blumberg, and APRN Elizabeth.

[2] This claim is against Defendants Nurse Tanisha and Nurse Jacksen.

**Standard of Review**

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *See id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *See id.* "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). However, when reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *See Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

When reviewing a motion to dismiss, the court considers the complaint, documents attached to the complaint, documents incorporated by reference therein, documents relied on in bringing the action which were in the plaintiff's possession or of which the plaintiff had knowledge, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). The court may also "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

**Facts**

The following facts are relevant to the remaining claims against Defendants. On January 7, 2022, Quint saw Dr. Maletz, an orthopedist. *See* Doc. No. 39, Third Amended Complaint, ¶ 8. Dr. Maletz ordered a wheelchair for Plaintiff, but the wheelchair was provided to him only to go to court. *See id.* Then, on February 10, 2022, Plaintiff was transferred to Bridgeport Correctional Center, where Nurse Tanisha took away his wheelchair. *See id.* ¶ 9. That month, Dr. Blumberg and APRN Oei discontinued his pain medication that he needed to be able to move. *See id.* ¶ 11.

On April 11, 2022, Plaintiff was transferred to New Haven Correctional Center ("New Haven"). He was given a wheelchair when he left Bridgeport, but Nurse Jacksen took the wheelchair when he arrived at New Haven. *See id.* ¶ 14. Plaintiff again saw Dr. Maletz, who reinstated his pain medication and ordered a wheelchair. *See id.* ¶ 15. Nurses Jacksen, Parker and Stephanie harassed Plaintiff by "abusing" Dr. Maletz's order for pain medication three times per day. They would refuse to give him the medication upon request or at all. *See id.* ¶ 16.

On September 13, 2021, Dr. Rader increased Plaintiff's medication from twice a day to three times per day. On September 17, 2021, Plaintiff went to court and Dr. Freston, the acting medical director for the Department of Correction, increased Quint's oxycodone dosage from 5 mg to 10 mg. Dr. Rader and Nurse Philips denied that this occurred and refused to increase his dosage. *See id.* ¶ 18

**Discussion**

Defendants move to dismiss, for failure to state a claim, all remaining claims against Dr. Rader, Nurse Philips and Dr. Blumberg; all claims for declaratory and injunctive relief against Nurse Tanisha, Nurse Jacksen, Nurse Parker, Nurse Stephanie and Dr. Blumberg; the claim for

injunctive relief against Nurse Philips; and the request for costs of incarceration.

*Failure to State a Claim*

To state a claim for deliberate indifference to serious medical needs, Plaintiff, as a pretrial detainee, must first show that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the detainee suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *see also Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Plaintiff alleged that he suffered severe pelvic injuries in a motor vehicle accident and his injuries continue to cause him severe pain. For purposes of initial review, the Court determined that Plaintiff had plausibly alleged that he suffers from a serious medical need. *See* Doc. No. 42, Initial Review Order, at 8. Defendants do not challenge that determination.

Plaintiff is also required to allege facts showing that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Negligence is insufficient to satisfy this component. *See id.* at 36 (finding that detainee must show that defendant acted recklessly or intentionally, not merely negligently). Distinguishing between negligent and reckless medical care is difficult when the court considers only the allegations in the complaint. *See King v. Falco*, 16

CV 6315 (VB), 2018 WL 6510809, at *9 (S.D.N.Y. Dec. 11, 2018) (citations omitted). Courts frequently consider the "degree of risk associated with the negligent treatment" and have found reckless conduct where the plaintiff did not receive treatment for a documented injury. *See id.* (citing cases). However, disagreements about what treatment is appropriate are not cognizable. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (summary order) (citing *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)); *Morales-Rojas v. Ruiz*, Case No. 3:17cv1434 (MPS), 2019 WL 1025245, at *10 (D. Conn. Mar. 4, 2019); *Small v. Clements*, No. 3:18-cv-1731 (KAD), 2018 WL 5634942, at *3–4 (D. Conn. Oct. 31, 2018).

### *Dr. Blumberg*

Failing to follow a doctor's order is sufficient to state a cognizable claim for deliberate indifference to medical needs. *See Benn v. Nassau Cnty.*, No. 10-CV-1963 (JS) (AKT), 2010 WL 2976540, at *6 (E.D.N.Y. July 22, 2010) (finding that failure to comply with a doctor's order sufficient to withstand initial review); *Woods v. Goord*, No. 01 CIV. 3255 (SAS), 2002 WL 731691, at *5 (S.D.N.Y. Apr. 23, 2002) (where an allegation that doctor ignored surgeon's order was sufficient to withstand a motion to dismiss).

Plaintiff has alleged that Dr. Blumberg discontinued his prescription for pain medication and that the prescription was restored about two months later when he again saw Dr. Maletz. As the Court previously stated, whether the discontinuance of the prescription by Dr. Blumberg is a disagreement over treatment or failure to comply with a doctor's order cannot be determined without further development of the record. Defendants' motion to dismiss on this basis is DENIED.

*Dr. Rader and Nurse Philips*

Plaintiff alleges that Dr. Rader and Nurse Philips refused to comply with Dr. Freston's order that his oxycodone dosage be increased. He further alleges that Dr. Freston issued this order as part of a state habeas case. Thus, the documents from that case, *Quint v. Commissioner of Corr.*, No. TSR-CV21-5000935-S (Conn. Super. Ct.), are incorporated into the Third Amended Complaint by reference or are integral to the Third Amended Complaint. Defendants have provided a copy of an April 21, 2022 order from the state court stating that "[t]here was no court order or agreement that required the respondent to provide the contested medications." *Id.* at Doc. No. 143.20, Defs.' Mem., Ex. B. Dr. Rader and Nurse Philips are alleged to have failed to follow Dr. Freston's order in September 2021, but the court order shows that no such order had issued. "When documents attached to the complaint as exhibits or incorporated by reference in the complaint contain statements that contradict the allegations in the complaint, the documents control and the Court need not accept the allegations as true." *Endemann v. Liberty Ins. Co.*, 390 F. Supp. 3d 362, 370 (N.D.N.Y. 2019) (citing *Roth v. Jennings*, 489 F.3d 499, 510–11 (2d Cir. 2007)). The court order flatly contradicts Plaintiff's allegation that Dr. Freston ordered an increased dosage. As Dr. Rader and Nurse Philips could not have failed to follow an order that never issued. Defendants' motion to dismiss is GRANTED as to the claim against Dr. Rader and Nurse Philips.

*Declaratory and Injunctive Relief*

The Court notes that the injunctive relief Plaintiff seeks pertains to claims that the Court has dismissed either on initial review of the Third Amended Complaint or in this Order. As the Court has dismissed the underlying claims, the request for injunctive relief is dismissed as MOOT.

Plaintiff also seeks declaratory relief that Defendants violated his constitutional rights. Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationship." *Colabella v. American Inst. of Certified Pub. Accountants*, No. 10-cv-2291 (KAM) (ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citation omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788 (VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] past actions." *Id.* As Plaintiff's request for declaratory relief concerns past actions, any request for declaratory relief would not be cognizable. Defendants' motion to dismiss is GRANTED as to the request for declaratory relief.

*Costs of Incarceration*

Finally, Defendants move to dismiss the request for costs of incarceration. Plaintiff merely lists costs of incarceration as an item of damages in his prayer for relief. *See* Third Amended Complaint at 15. As an inmate is liable for the costs of his incarceration *only* if the state places "a lien on any recovery awarded to an inmate in connection with a civil lawsuit," the Court assumes that Plaintiff seeks a prospective waiver of any such lien should he ultimately recover damages by way of verdict or settlement. *See Paschal v. Santili*, CIVIL ACTION NO. 3:16-cv-1690 (JCH), 2017 WL 2908867, at *1 (D. Conn. July 6, 2017) (citing Conn. Gen. Stat. § 18-85b(a)). In *Paschal*, the plaintiff sought leave to amend his complaint to include a new request for relief, a waiver of the costs of incarceration. The court first held that the district court had no authority to grant an

7

exception to a statute. *See id.*, at *2. Thus, the court denied the request for leave to amend. The same reasoning applies here. Moreover, Defendants are all medical providers. Plaintiff alleges no facts suggesting that any Defendant has the authority to waive application of the statute which affords the state, not individual actors, a right of recovery. Further, as in *Paschal*, Plaintiff's claim is not ripe, as he has not received any award against which a lien has been assessed. *See id.* Nor does he identify any lien that he reasonably anticipates will be asserted in such an event. Defendants' motion to dismiss is GRANTED as to the request for costs of incarceration.

**Conclusion**

Defendants' motion to dismiss [**Doc. No. 75**] is **GRANTED** as to the deliberate indifference claim against Dr. Rader and Nurse Philips and the requests for declaratory relief and the costs of incarceration. The motion is **DENIED** as to the claim against Dr. Blumberg**.** Plaintiff's request for injunctive relief is dismissed as MOOT.

The case will proceed on three claims: (1) the claim for deliberate indifference to medical needs against Dr. Blumberg; (2) the claims for deliberate indifference against Nurses Jacksen and Tanisha for failure to comply with a doctor's order that Plaintiff be provided a wheelchair; and (3) the claims against Nurses Jacksen, Parker and Stephanie for failure to follow the doctor's medication orders, which were not subject to the instant motion to dismiss.

**SO ORDERED** this 17th day of August 2023 at Bridgeport, Connecticut.

                                             *Kari A. Dooley*
                                             Kari A. Dooley
                                             United States District Judge