UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD R. QUINT, | ) | CASE NO. 3:21-cv-1695 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN ET AL., | ) | AUGUST 17, 2023 |
| *Defendants*. | ) | |

## MEMORANDUM OF DECISION
## RE: PLAINTIFF'S MOTION TO AMEND [Doc. No. 93]

Kari A. Dooley, United States District Judge:

Plaintiff, Richard R. Quint ("Quint"), filed this complaint *pro se* under 42 U.S.C. § 1983. Following initial review of his Third Amended Complaint, the remaining claims allege deliberate indifference to medical needs for failure to comply with doctor's orders regarding medication[1] and for failure to comply with the doctor's order that Quint be provided a wheelchair.[2]

Quint has now filed a motion to amend, although he has not submitted a proposed Fourth Amended Complaint with his motion. Instead, he states that he wishes to add new claims against three defendants, Dr. Karen Grande and Correctional Officers Fiore and Sylva. Specifically, Quint alleges that Dr. Grande was deliberately indifferent to his medical needs by disregarding his complaints of pain and the two correctional officers refused to have someone push his wheelchair to the medical unit on June 1, 2023.

**Standard of Review**

A court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P.

---
[1] This claim is against Defendants Nurse Jacksen, Nurse Parker, Nurse Stephanie, Dr. Rader, Medical Supervisor Philips, Dr. Blumberg, and APRN Elizabeth.
[2] This claim is against Defendants Nurse Tanisha and Nurse Jacksen.

15(a)(2). A court has discretion to grant or deny leave to amend under Rule 15(a)(2), *see Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971), and may deny leave to amend for "good reason," which normally involves an analysis of the four factors articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962). Those factors are undue delay, bad faith, futility of amendment and undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 178, 182). The non-moving party bears the burden of showing prejudice, bad faith or futility of the amendment. *See Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 380 (S.D.N.Y. 2022) (citations omitted).

In addition, the purpose of an amended complaint is to clarify or amplify existing causes of action, not to add new causes of action. *See Castellano v. Trump*, No. 3:17-cv-381 (MPS), 2017 WL 4401451, at *1 (D. Conn. Sept. 29, 2017) (citation omitted). Further, "[e]ven pro se plaintiffs are not entitled to file an amended complaint if the complaint contains substantive problems such that an amended pleading would be futile." *Vasquez v. Reilly*, No. 15-CV-9528 (KMK), 2017 WL 946306, at *12 (S.D.N.Y. Mar. 9, 2017) (citation and internal quotation marks omitted).

**Discussion**

Quint's three existing claims regarding his pain medication are as follows. First, in February 2022, Dr. Blumberg and APRN Elizabeth discontinued pain medication ordered by another doctor (who subsequently reinstated the prescription in April 2022). Second, Nurses Jackson, Parker and Stephanie frequently refused to give him the prescribed pain medication. And third, Dr. Ryder and Nurse Phillips refused to follow a prescription change entered by another doctor in September 2022. Quint now seeks to add a fourth claim regarding use of a wheelchair in addition to allegations regarding pain medication. Specifically, that Correctional Officers Fiore

and Sylva refused to have someone push his wheelchair to the medical unit on June 1, 2023, and that during that same month, Dr. Grande discontinued his pain medication that had been prescribed by another doctor.

In opposition to the motion to amend, Defendants note that, procedurally, the timing of the motion makes it impossible for Quint to have exhausted his administrative remedies before seeking leave to add these claims. Defendants also argue that any amendment would be futile.[3] They note that the medical records attached to the motion to amend show that Dr. Grande had an alternate treatment plan—which Quint refused to follow—and, in any event, the claim against Dr. Grande is a disagreement over treatment, which is not cognizable under Section 1983. They further contend that Quint's submitted medical records do not support his view that he was unable to wheel himself to the medical unit.

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983…or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

---

[3] As the Court denies Quint's motion on procedural grounds, it does not address Defendants' substantive arguments.

3

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by…making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-CV-6606 RJS, 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The Supreme Court has held that the requirement for proper exhaustion is not met when a grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *See Jones*, 549 U.S. at 217–18 (citing *Woodford*, 548 U.S. at 93–95). In addition, exhaustion of administrative remedies must be completed before the inmate files suit. *See Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Thus, completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122–23 (2d Cir. 2001); *see also Girard v. Chuttey*, 826 F. App'x 41, 44–45 (2d Cir. 2020)

(finding that inmate failed to exhaust administrative remedies because he commenced an action in district court before his administrative appeal was decided or the response period had elapsed).

Exhaustion of administrative remedies is an affirmative defense on which the defendant bears the burden of proof. *See Jones*, 549 U.S. at 216. However, the district court may dismiss a complaint for failure to exhaust administrative remedies where that failure appears on the face of the complaint. *See id.* at 215 ("[A] complaint may be subject to dismissal…when an affirmative defense…appears on its face"); *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("[A] district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement").

Exhaustion of claims regarding medical needs is governed by Department of Correction Administrative Directive 8.9.[4] *See* www.portal.ct.gov/DOC/AD/AD-Chapter-8. There are two types of Health Services Administrative Remedies. A diagnosis and treatment remedy seeks "review of diagnosis or treatment decision made by a physician, psychiatrist, psychologist, advanced practice registered nurse (APRN), physician assistant (PA), physician assistant-certified (PA-C), or dentist including the decision to provide no treatment…" Dir. 8.9(6)(a)(i). An administrative issue remedy seeks "review of a practice, procedure, administrative provision or policy, or an allegation of improper conduct by a health services provider." Dir. 8.9(6)(a)(ii). Thus, Quint must exhaust his administrative remedies on the claim against Dr. Grande under the provisions of Directive 8.9.

Under either type of Health Services Administrative Remedy, the inmate must seek

---

[4] The Court may take judicial notice of prison directives, which are available on the Department of Correction website. *See Shakur v. King*, No. 3:20-cv-00303 (VAB), 2020 WL 4271932, at *4 n.1 (D. Conn. July 24, 2020) ("The court may take judicial notice of the Department of Correction Administrative Directives.").

informal resolution before filing the administrative remedy. *See* Dir. 8.9(6)(b)(ii)(1). If informal resolution does not work, the inmate must submit a written request on form CN 9601 to the appropriate staff member. *See* Dir. 8.9(6)(b)(ii)(2). The inmate should then receive a response within fifteen business days after receipt of the written request. *See* Dir. 8.9(6)(b)(ii)(7). If the inmate is not satisfied with the response to the written request, he may then file a Health Services Administrative Remedy. *See* Dir. 8.9(6)(b)(iii)(1).

Quint attached to his motion a copy of the letter he wrote to Dr. Grande regarding the discontinuance of his medication. His letter is dated June 15, 2023, and his Inmate Request regarding same is dated June 20, 2023. He also submits a copy of a June 14, 2023 Inmate Request addressed to the doctor who initially prescribed the medication. Dr. Grande responded to this request on June 23, 2023. After receiving the response, Quint was required to file a Health Services Administrative Remedy. Quint's motion to amend in this Court is dated June 21, 2023 and was filed on June 28, 2023. With only five days having elapsed between receiving a response to the Inmate Request and the filing of this motion, Quint could not have filed the required Health Services Administrative Remedy and received a response. Thus, any claim against Dr. Grande is subject to dismissal for failure to exhaust administrative remedies.

As to Officers Fiore and Sylva, who are correctional staff, Quint must have exhausted his claims against them under Directive 9.6. *See* www.portal.ct.gov/DOC/AD/AD-Chapter-9. Again, Quint must first attempt to resolve the matter informally. He may attempt to verbally resolve the issue with an appropriate staff member or supervisor. *See* Dir. 9.6(6)(a)(i)(1). If attempts to resolve the matter verbally are not effective, he must make a written attempt using a specified form and send the form to the appropriate staff member or supervisor. *See* Dir. 9.6(6)(a)(i)(2)(a). If Quint

does not receive a response to the written request within fifteen business days, or he is not satisfied with the response to his request, he may file a Level 1 grievance on form CN 9602. *See* Dir. 9.6(6)(a)(ii).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. Dir. 9.6(6)(a)(ii)(2)-(4). The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. *See* Dir. 9.6(6)(b)(i)(3). In addition, Quint must appeal the disposition of the Level 1 grievance by the Unit Administrator, or the Unit Administrator's failure to dispose of the grievance in a timely manner, to Level 2. The Level 2 appeal of a disposition of a Level 1 grievance must be filed on form CN 9604 within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within sixty-five days from the date the Level 1 grievance was filed inmate and is decided by the District Administrator. *See* Dir. 9.6(6)(b)(ii)(1) & (2). The response to the Level 2 appeal "shall be issued to the inmate, in writing within 30 business days of receipt of the CN 9604." Dir. 9.6(6)(b)(ii)(4).

Quint alleges that the officers refused to have someone wheel him to the medical unit on June 1, 2023, less than one month before he filed this motion. Again, there was insufficient time for Quint to have filed a Level 1 grievance, let alone receive the response and appeal any adverse ruling. Accordingly, the claims against Officers Fiore and Sylva are also subject to dismissal for failure to exhaust administrative remedies. As it would be futile to permit Quint to assert

7

unexhausted claims, the motion to amend is DENIED.

*Joinder*

Further, even if Quint had exhausted his administrative remedies on the claim against Officers Fiore and Sylva, the claim is improperly joined in this action. Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As the Second Circuit has observed in the Rule 13 context,[5] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The issue whether Quint was medically able to wheel himself to the medical unit is unrelated to whether medical providers failed to follow orders of another doctor, the claims surviving initial review of the Third Amended Complaint. Thus, the claims against Officers Fiore and Sylva would be subject to dismissal as improperly joined in this action.

*Future Motions to Amend*

---

[5] "In construing the term transaction or occurrence under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (internal quotations and citation omitted).

"Litigation, including motion practice, is an ordered process[.]" *Thompson v. Renee*, No. 21-CV-10371 (VEC) (BCM), 2022 WL 2986566, at *2 (S.D.N.Y. July 28, 2022) (citation omitted). As noted above, Federal Rule of Civil Procedure 15(a) permits a litigant to amend his complaint once as of right, and then only with leave of the court. Quint has already been permitted to amend his complaint three times. Following initial review of the Third Amended Complaint, the Court ordered service on Defendants and issued a scheduling order to facilitate the prompt resolution of this matter. *See* Doc. No. 42. Although the case has been pending for nearly two years, Defendants have only recently appeared and filed motions to dismiss.

Now, Quint seeks leave to amend his complaint a fourth time to include three new defendants and new claims. "[C]ourts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories from the claims already at issue in a case*.*" *Thompson*, 2022 WL 2986566, at 2 (citation and quotation marks omitted). Although the claim Quint seeks to add against Dr. Grande relates to his medical care, it is factually unrelated to the existing medical claims. The existing claims concern only whether Defendants, in 2022, failed to follow orders issued by another doctor. From the exhibits attached to the motion to amend, it appears that Quint's claim against Dr. Grande related to her current treatment decisions, not merely disregard for another doctor's order. Thus, the claims involve different factual allegations and a different, albeit related, legal theory. The Court concludes that amendment to add this claim is not warranted. *See id*. (collecting cases).

Quint may pursue any other claims relating to his current medical treatment in a separate action. The Court will not entertain any future motions to amend this action to include new claims or defendants arising out of events distinct from those already detailed in the Third Amended

Complaint. In light of this Order, the motion for order to show cause (Doc. No. 100) is MOOT.

**Conclusion**

Quint's motion to amend [**Doc. No. 93**] is **DENIED**.

**SO ORDERED** this 17th day of August 2023 at Bridgeport, Connecticut.

                                        *Kari A. Dooley*
                                        KARI A. DOOLEY
                                        UNITED STATES DISTRICT JUDGE